### 7174. BUNN v. FARMERS WAREHOUSE COMPANY.

BROYLES, J. 1. The certified copy of the charter granted to the Farmers Warehouse Company can not be considered by this court, as it does not appear that this charter was introduced in evidence in the trial below.

2. A material change in the *character* of the enterprise or purpose of a proposed corporation, or ultra vires acts on the part of the corporation, will not release a subscriber to its capital stock who does not assent to such change or to such acts. Only a material change in the *charter* of the corporation, made without his consent, will do so. *Winter* v. *Muscogee Railroad Co.*, 11 Ga. 438 (6); *Wilson* v. *Wills Valley Railroad Co.*, 33 Ga. 466 (2); *Snook* v. *Georgia Improvement Co.*, 83 Ga. 61 (9 S. E. 1104); *Howard* v. *Glenn*, 85 Ga. 238 (11 S. E. 610, 21 Am. St. R. 156); *Alexander* v. *Atlanta & West Point R. Co.*, 108 Ga. 151 (33 S. E. 866); *Russell* v. *Alabama Midland Ry. Co.*, 94 Ga. 510 (20 S. E. 350); *Alexander* v. *Searcy*, 81 Ga. 536 (8 S. E. 630, 12 Am. St. R. 337); *Midland City Hotel Co.* v. *Gibson*, 11 Ga. App. 829 (76 S. E. 600). In this case the defendant was being sued by the Farmers Warehouse Company, a corporation, for an unpaid subscription to its capital stock, and he offered an amendment setting up in substance that he should be released from the payment of his subscription because, subsequently to his subscription and without his knowledge or consent, material changes were made in the *character* of the enterprise, for while the only business contemplated by the corporation at the time of his agreement to take stock in it was the conducting of a general warehouse business, such as storing goods and produce and issuing receipts therefor, yet "in utter disregard of the conditions contained in the agreement under which defendant signed, agreeing to take stock, the other stockholders, without consulting this defendant, entered into a cotton-ginning business, and also a business of running a grist mill, and if the charter obtained for the corporation authorizes the entering into this kind of business, it is such a fundamental, radical, and material departure from the enterprise as proposed and described in the subscription list and contract as signed by defendant,

as to relieve him of any obligation thereon." The court properly disallowed this amendment, upon the ground that it set up no legal defense.

3. Under the facts of the case there was no error in the disallowing of another amendment to the answer of the defendant, which sought to vary the written terms of the stock subscription sued upon.

4. The court did not err in striking all the pleas of the defendant except in so far as the subscription to the stock was denied, and in submitting the case to the jury on that issue alone.

5. Where directors of a corporation have approved and accepted subscriptions to its capital stock of sufficient amount to bind the stockholders under their contracts, the burden of showing that any of such subscriptions are fraudulent or worthless is on the party setting up such defense. *Hayden* v. *Atlanta Cotton Factory*, 61 *Ga.* 234 (4). There was no error in admitting in evidence the original stock-subscription list, without proof of all the signatures thereto. The signatures of the four defendants were proved, and the burden of proof was upon the defendant to show that the other signatures thereon were not genuine.

6. The court did not err in refusing to allow a witness who, according to the subscription list, had subscribed for one share of stock, to testify that he signed the list in blank, with the understanding with the promoter that he was only to take one quarter of a share. Such evidence was incompetent, as it varied the terms of the written contract.

7. The court did not err in refusing to allow testimony to the effect that one of the subscribers to the stock signed for one share thereof with the understanding with the promoter that he was not obligated to pay for it, but was to sign merely for the purpose of making out the minimum number of share subscriptions necessary before the corporation could collect its subscriptions and begin business. See *Hayden* v. *Atlanta Cotton Factory*, supra.

8. After all the evidence was submitted, there was no error in the direction of a verdict for the plaintiff for the full amount sued for.

*Judgment affirmed.*

DECIDED SEPTEMBER 21, 1916.

Appeal; from Ware superior court—Judge Summerall. December 9, 1915.

*Parks & Reed, Parker & Walker,* for plaintiff in error.

*J. L. Crawley, J. L. Sweat,* contra.