*C. Vernon Elliott, A. R. Williamson,* contra.

---

15442.  BURTON *v.* GEORGIA & ALABAMA WAREHOUSE CO.

STEPHENS, J.  1. In a suit by a corporation to recover the amount of a subscription to its capital stock, where the subscription was made upon the condition that a certain amount in capital stock should be subscribed, it was not necessary, in alleging that the amount to be subscribed had been subscribed, to attach a full list showing the names of the subscribers or the amount subscribed by each.

2. That part of a plea in defense to such a suit, which alleges that the amount of the subscription which was a condition precedent to liability was never obtained, in that "many of the subscriptions actually taken . . 'were at the time worthless, uncollectible, and of no value, . . 'were from people who were insolvent and unable to pay their obligations, . . were given by minors and corporations, . . and for the reasons' above stated the subscription made by this defendant was never legally binding upon him and can not now legally be enforced," is insufficient as against a special demurrer, in that it does not set out the names of the minors or of the corporations subscribing, or what subscriptions were invalid, or the amount of the subscriptions made by insolvent persons or by minors.

3. Also, that part of a plea which alleges that the objects of the corporation have been wholly abandoned, and that the corporation, out of the proceeds of the payments made by the subscribers, purchased land wholly unnecessary for the purposes of the corporation, and otherwise disposed of the proceeds so derived, for purposes beyond the power of the corporation, sets forth no legal defense, in that it does not show that the corporation in so doing was acting beyond its corporate powers. *Bunn* v. *Farmers Warehouse Co.*, 18 *Ga. App.* 567 (90 S. E. 78).

4. That part of a plea which alleges, that, after committing the acts narrated above, it was determined, at a meeting of the stockholders and directors of the corporation, that only three fourths in amount of the capital stock should be called for, and that the remaining fourth in amount of the subscriptions was released, and that this act was afterwards ratified and approved by the corporation, through its proper officers and agents, by accepting the three fourths in amount of the subscriptions, issuing stock-certificates therefor to the subscribers who had actually paid the three fourths as agreed, and receiving the proceeds of this new agreement and accepting whatever benefits may have resulted therefrom, sets out a legal defense, and is good as against the demurrer.

5. For the reason set out in paragraph 4 above, the court erred in striking one of the defenses, upon the demurrer interposed.

Judgment reversed. Jenkins, P. J., and Bell, J., concur.

DECIDED FEBRUARY 28, 1925.

Complaint; from city court of Floyd county—Judge Bale. February 8, 1924.

*C. I. Carey,* for plaintiff in error.

*Denny & Wright,* contra.